JUANA RUCABADO Y VÁZQUEZ, ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, FIRST SECTION, respondent.

No. 977.   Submitted July 10, 1936.—Decided July 14, 1936.

*Monserrat & Monserrat* for appellants.   The registrar appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The appellants were declared to be the sole and universal heirs of Mercedes Rucabado y Vázquez, who died on May 2, 1935, while a widow of Dr. José Chacar Parladé, deceased since January 9, 1925.

During her marriage with Dr. Chacar, the deceased acquired in her name two city properties, one a house and lot of 311.37 square meters and the other a lot of 692.63 square meters, both located in the Ward Miramar in Santurce.

On June 9, 1936, the appellants asked the registrar to record in their names the two properties which then appeared in the name of the decedent. In support of their contention that the two properties had been acquired with private funds belonging to Mercedes Rucabado y Vázquez, and consequently belonged wholly to the heirs appellants, they presented a protocolized copy of the open will of Dr. Chacar, executed on February 25, 1914, before Notary Luis Muñoz Morales, the fifth clause of which reads as follows:

"*Fifth.*—That during the year 1900 the present wife of the appearing party, Mercedes Rucabado Vázquez, acquired by inheritance from her father, Francisco Rucabado, the sum of ten thousand dollars which was awarded to her in cash, as appears in the settlement of such estate; and with such money his wife has acquired a lot bearing the number one hundred and fifty in the division D of the property called Miramar in the Ward of Santurce of this municipality, and upon which lot she thereafter built two houses, one of wood and the other of cement, as appears from the deeds executed in her favor by Avelina Alvarez Colón, Pedro Falú and Tomás Vázquez before notary Damián Monserrat on February 27, 1909, July 29, 1909 and February 8, 1911, respectively and which are recorded in the registry of property of this city.

"That during this marriage no property has been acquired for valuable consideration by either the husband or the wife, and there is therefore no community property.

"That all the expenses of the conjugal partnership and those of the testator's son Jaime, who lives with him, have been cared for out of the income of the wife's principal and from the product of the testator's labors."

On June 19, 1936, the registrar here respondent refused the inscription requested as to one-half of the two properties in question, placing at the bottom of the petition the following note:

"Upon this document, and after examination of other documents, there has been inscribed in favor of the heirs herein declared, without prejudice to the rights of third parties, the undivided one-half which as community property belonged to the decedent in a lot of

311.37 square meters, with a house, on Miramar Avenue, Santurce South, and in another lot of 589 square meters with a house on the same avenue, and with respect to a participation of $510.20 in a total value of $12,000 in a house at number 62 Luna Street in this city, at folios 88, 223 and 220, volumes 8 and 5 of Santurce South and 106 of San Juan, the properties numbers 318, 198 and 1200, 2nd, 4th and 9th inscriptions respectively; inscription having been denied as to the other one-half of the other two properties first mentioned upon the ground that the whole thereof belonged to the conjugal partnership of Mercedes Rucabado Vázquez and José Chacar Parladé it not having been shown that the same were acquired by the aforesaid Mercedes Rucabado Vázquez as her private property, taking in lieu thereof a cautionary note for 120 days, in favor of said heirs, in the above-mentioned 2nd and 4th inscriptions.''

The appellants maintain that the registrar erred in not considering as sufficient evidence the copy of Dr. Chacar's will in which he states clearly and definitely that the two properties were acquired as the private property of his wife.

To uphold his denial the respondent contends that the two properties were acquired as part of the community property while the decedent was married to Dr. Chacar, and that at the time of acquisition no mention whatever was made that they were the private property of the wife; that according to the very will presented, the decedent Dr. Chacar declared his son Jaime Chacar Roses, born of his first marriage with María Ana Rosa Roses y Font, to be his sole and universal heir; that record as to one-half of the properties was denied upon the ground that such one-half belonged to both husband and wife, for valuable consideration, the private nature of the acquisition not having been shown; that since the death of both the husband and wife there has been no act or writing whatever in which Dr. Chacar's heir has intervened, to ratify the statement made by his father in his will; and that it is the appellee's opinion that the statements of the husband ought to be corroborated and duly accredited in the registry, something which has not been done in the instant case.

Our Civil Code, ed. of 1930, contains the following provisions:

"Section 1301.—To the conjugal partnership belong:

"1.—Property acquired for valuable consideration during the marriage at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only.

"2.— . . . . . . . . .

"3.— . . . . . . . . .

"Section 1307.—All the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife."

According to the registry, the properties belonged to both husband and wife for valuable consideration. It does not appear from the registry that any mention was made of the alleged fact that the properties were acquired by the wife for valuable consideration. The appellants have sought to rebut the presumption established by Section 1307 of the Civil Code, *supra,* with the statements made by the husband in his will, to the effect that the properties had been acquired by his wife out of her own funds.

The statements in clause Fifth of the will, *supra,* taken as admissions against interest of the person making them, are admissible as a basis for proof, but since they can be prejudicial to the heirs or creditors of the person who made them, we hold that they must be corroborated by other evidence or ratified by the interested parties in order that they may serve as a basis for the transmission of the ownership of the other half of the properties. See Manresa, vol. 9, pages 614–620; *Feliú et al.* v. *The Registrar of Property,* 16 P.R.R. 728; *Fuentes* v. *Registrar of San Juan,* 27 P.R.R. 549; *Flores* v. *Registrar of Guayama,* 31 P.R.R. 118; *Alum* v. *Registrar,* 37 P.R.R. 830.

The note appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.